**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-6738

UNITED STATES OF AMERICA,

 Petitioner - Appellee,

 v.

DONALD SNYDER,

 Respondent - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. W. Earl Britt, Senior
District Judge. (5:06-hc-02125-BR)

Argued: March 19, 2013               Decided: June 24, 2013

Before GREGORY, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** James B. Craven, III, Durham, North Carolina, for
Appellant. Jennifer Dee Dannels, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:**
Thomas G. Walker, United States Attorney, Jennifer P. May-
Parker, Assistant United States Attorney, David T. Huband,
Special Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2006, Donald Snyder was civilly committed under 18 U.S.C. § 4246. Following a competency hearing in March 2012, the district court found that Snyder continued to meet the criteria for commitment because he posed a substantial risk of danger to the person or property of another if unconditionally released. Shortly thereafter, in April 2012, the district court conditionally released Snyder under a specific regimen of care. On appeal, Snyder argues that the district court erred by finding that he continued to meet the criteria for commitment and by ordering conditional release instead of unconditional release. For the reasons addressed below, we disagree and affirm the district court's orders.

I.

In June 2004, Snyder was charged with making threats against the president. Following a psychiatric evaluation at Federal Medical Center Butner ("FMC Butner"), Snyder was found incompetent to stand trial and unlikely to be restored to competency in the near future. The government subsequently dismissed the criminal charge against Snyder and filed a Certificate of Mental Disease or Defect and Dangerousness under 18 U.S.C. § 4246, which permits hospitalization of certain persons suffering from a mental disease or defect. On October

2

3, 2006, the United States District Court for the Eastern District of North Carolina committed Snyder to the custody of the Attorney General under Section 4246.

Between January 2008 and July 2011, the district court conducted several competency review hearings to determine if Snyder continued to meet the criteria for commitment. In July 2008, the district court conditionally discharged Snyder, but revoked his release after less than one week because Snyder threatened to shoot patrons in a bar in violation of his release conditions. Snyder then returned to FMC Butner. With the exception of that brief period of conditional release, the district court determined at each competency hearing that Snyder continued to meet the criteria for commitment. This Court affirmed several of those decisions on appeal.

On January 6, 2012, Snyder filed a motion for a hearing to determine if he should be discharged. Prior to the hearing, Snyder was examined by two psychiatrists: Dr. Holly Rogers, whom the court ordered to evaluate Snyder, and Dr. Bryon Herbel, a staff psychiatrist at FMC Butner and Snyder's primary clinician. Each psychiatrist submitted a forensic update to the district court.

Dr. Herbel and Dr. Rogers agreed that Snyder suffers from the mental disease of schizoaffective disorder. Because of that disease, both psychiatrists believed that Snyder would continue

3

to have episodes of decompensation and illness requiring periods of confinement in psychiatric hospitals. Nevertheless, both psychiatrists believed Snyder should be released. But Dr. Herbel and Dr. Rogers disagreed about whether conditional or unconditional release was appropriate. Dr. Rogers believed that Snyder did not present a substantial risk of danger. Therefore, she opined that Snyder did not continue to meet the criteria for commitment and should be unconditionally released. Dr. Herbel, however, opined that because of Snyder's history of threatening others during periods of illness, he continued to pose a substantial risk of danger if he were unconditionally released. Dr. Herbel therefore recommended conditional release.

At the competency hearing on March 12, 2012, the psychiatrists testified consistent with their forensic reports, with Dr. Rogers recommending unconditional release and Dr. Herbel recommending conditional release. Both psychiatrists agreed that aside from making threats, Snyder had actually harmed other people or property on only one occasion, when he kicked out the window of a police car after his June 2001 arrest. Snyder also testified at the hearing.

At the end of the hearing, the district court found that Snyder continued to meet the criteria for commitment under Section 4246 because he failed to prove by a preponderance of the evidence that he had recovered from his mental disease to

4

such an extent that his unconditional release would no longer create a substantial risk of danger to others or property. Nevertheless, the district court advised Snyder that "if the authorities do submit [to] me the conditional release plan, I will be very happy to sign it." J.A. 59. On the same day, the district court entered an order consistent with its statements in open court.

On March 29, 2012, the Warden at FMC Butner filed a Certificate of Improved Mental Condition and Request for Conditional Release under Section 4246(e). The certificate stated that Snyder had recovered from his mental disease or defect such that his conditional release under the attached regimen of care did not pose a substantial risk of danger to others or property. On April 5, 2012, the government filed a motion for conditional release with proposed conditions of release. The government attached to its motion the Warden's certificate and a letter from a United States Probation Officer accepting the proposed conditional release plan for Snyder. The district court filed an order of conditional release on the same day. Snyder was released on April 19, 2012.


II.

Snyder appeals from the district court's March 12 order, arguing that the district court erred by finding that he

5

continued to meet the criteria for commitment because his unconditional release posed a substantial risk of danger to other people or property. Snyder also appeals from the district court's April 5 order, contending that the district court erred by ordering conditional release instead of unconditional release.

A.

A district court's decision to deny unconditional release under Section 4246 is a factual determination that will be overturned by this Court only if clearly erroneous. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992). To discharge a person hospitalized under Section 4246(d), a court must find by a preponderance of the evidence that the person has recovered from his mental disease or defect such that either (1) his unconditional release would no longer create a substantial risk of danger to the person or property of another; or (2) his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment approved by the court and the director of the facility in which the person is committed would no longer create a substantial risk of danger to the person or property of another. 18 U.S.C. § 4246(e); see also 18 U.S.C. § 4247(h) (permitting a person committed under Section 4246 to file a motion for a hearing to determine if he

6

or she should be discharged even if the director of the facility does not file a certificate of recovery).

                              B.

Snyder first challenges the district court's March 12 finding that his unconditional release would pose a substantial risk of danger to the person or property of another.

We conclude that there is sufficient evidence in the record to support the district court's finding.  The evidence regarding Snyder's illness and history is undisputed, and Snyder does not dispute that he has a mental disease.  Because of that disease, Dr. Herbel and Dr. Rogers believed that Snyder would continue to have episodes of illness requiring periods of hospitalization. Dr. Herbel and Dr. Rogers also agreed that aside from making threats against the president on two occasions and threatening bar patrons during a prior period of conditional release, Snyder caused actual harm on one occasion when he kicked out the window of a police car after his 2001 arrest.

Based on Snyder's mental disease and history of threatening others during periods of illness, Dr. Herbel opined that Snyder would pose a substantial risk of dangerousness to persons or property if unconditionally released.  See United States v. Ecker, 30 F.3d 966, 970 (8th Cir. 1994) (stating that overt acts of violence are not required to prove dangerousness). Nonetheless, Dr. Herbel believed that Snyder would not pose such

                               7

a threat if conditionally released. Dr. Rogers disagreed about the degree of risk posed by Snyder's unconditional release, explaining that despite his mental illness, Snyder did not have a history of violence against other people.

It was not clearly erroneous for the district court to accord Dr. Herbel's testimony greater weight than Dr. Rogers's testimony, particularly since Dr. Herbel was Snyder's primary psychiatrist at FMC Butner, while Dr. Rogers evaluated Snyder only periodically. See Cox, 964 F.2d at 1433. Accordingly, we reject Snyder's argument.

C.

Snyder next contends that the district court erred by ordering conditional release instead of unconditional release.

As discussed above, Dr. Herbel recommended conditional release, and the district court did not clearly err by accepting that recommendation and denying unconditional release. Shortly after the March 12 competency hearing, the Warden at FMC Butner filed a certificate of improved mental condition on March 29, 2012, which stated that Snyder's conditional release under the attached regimen of care would no longer create a substantial risk of danger. On April 5, 2012, the government filed a motion for conditional release with proposed conditions of release, and the district court filed an order of conditional release on the same day. Thus, Snyder's discharge proceeded in accordance with

8

Section 4246(e), and the district court did not clearly err by ordering his conditional release.

Accordingly, we affirm the district court's March 12 and April 5 orders.

AFFIRMED